No. 23,387.

DERINDA ELWELL, *Appellee,* v. CLYDE STEWART, as Executor of the
Estate of HETTIE H. CULP, Deceased, *Appellant.*

### SYLLABUS BY THE COURT.

ACTION TO RECOVER MONEY—*Money Paid upon Fraudulent Inducements of
Appellant—Evidence Sustains Findings.* The evidence considered, and held
sufficient to sustain a finding in plaintiff's favor upon the issue of fraud.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion
filed January 7, 1922. Affirmed.

*Edward T. Riling, John J. Riling,* both of Lawrence, and *S. D. Scott,* of
Olathe, for the appellant.

*J. W. Parker,* and *G. S. Roberds,* both of Olathe, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was to recover money which appellee
claims she paid upon the fraudulent inducements of the appellant
and which she ought not to have paid. There is a concession in the
brief of the appellant upon which the case might be readily affirmed.
It is conceded that the evidence was for the most part that of the
appellee and of the appellant; that the case was tried by the court
upon conflicting evidence and that the court found in favor of the
appellee. Ordinarily these facts alone are sufficient to compel an
affirmance. There is, however, a contention that the evidence was
not sufficient to sustain a finding of fraud.

The appellee, Mrs. Elwell, is the mother of Hettie H. Culp, who
died at Tucson, Ariz., in December, 1918, leaving a will by which
she devised her property to the appellant, Clyde Stewart, as execu-
tor, in trust for the use and benefit of her mother during the latter's
lifetime and at her death the property was to go to the two daugh-
ters of Stewart. The appellee is an old lady and the evidence
shows that she is an invalid and was sick during most of the time
when the transactions involved herein occurred. Although she was
in Tucson during her daughter's illness and death she was not with
the daughter much of the time. Immediately after the funeral of
her daughter she returned from Arizona with the Stewarts and went
to their home at Baldwin where she stayed for about ten weeks.
when she returned to her home at Galesburg, Ill. The first count
in the petition involved the payment of $700 by the appellee upon a
note upon which she was not herself liable. It was a note that her

daughter, Hettie H. Culp, had executed and owed at the time of her death. Mrs. Elwell testified that she never knew there was a will until after she went to Illinois and then did not know anything about what its terms were. Her testimony in substance was that during the ten weeks she stayed at the home of the Stewarts neither the appellant nor his wife ever told her the terms of the will or that there was a will; that the appellant told her everything would be hers after the debts were settled up and suggested that she should pay the $700 note which was a charge against the estate and that by doing that she would save interest. She was the beneficiary of a policy of insurance for $500 on the life of her daughter and the appellant advised her to use the insurance money to pay the note. She consented and that was done. She further testified that if she had known that the residuary estate was to go to the two Stewart girls she would not have applied the $500 insurance money on the note.

Stewart and his wife were witnesses, and while they contradicted the appellee on some matters, and testified that they told her there was a will and that it would have to be probated, both admitted that during the time she remained sick in their house following their return from Arizona they never exhibited the will to her and never told her that their two daughters were the residuary legatees.

The appellant was the trustee of the estate under the will of which Mrs. Elwell, the appellee, was a beneficiary. There was a confidential relation existing between the parties and if he suppressed the truth and concealed from her the fact that his daughters were the residuary legatees, and thereby induced her to take her own money and apply it in payment of a note upon which she was not liable, and in the belief that by paying the note she would benefit herself, while as a matter of fact the payment would or might benefit members of his own family, that was sufficient to sustain a finding of fraud. The concealment of a fact material to a transaction which was peculiarly within his own knowledge, with evidence which, if believed by the court, carried the presumption that the other party was acting on the belief that the facts were different, was just as harmful and actionable as though he had asserted a fact to be true which was false. The commonest kind of good faith required that he exhibit the will to her and explain to her what interest she took in the estate under the will, and the fact of the interest of his daughters.

The court accepted as true the testimony of the appellee and

found that she consented to the payment of the claim on the theory that the estate of her daughter belonged to her after the debts were paid. The evidence respecting the other payment on the note was sufficient to sustain a finding that the money was furnished by the appellee, and that the payment was made upon the same belief under which the appellee made the first payment.

Save for some damaging admissions of the appellant, the whole case turned upon conflicting evidence. There was abundant evidence to support the judgment.

The judgment is affirmed.